IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00074-MOC

| | |
|---|---|
| DENNIS ROGER VANDYKE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) |
| | )    **ORDER** |
| FRANK D. WHITNEY; | ) |
| GREEN CI, | ) |
|       Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Greene Correctional Institution. Plaintiff was convicted on November 7, 2013, of discharging a firearm into occupied property; his projected release date is May 15, 2016.[1] In his complaint, Plaintiff challenges the dismissal of his complaint in Case No. 1:16-cv-00038. The Order of dismissal in that case, and the Clerk's Judgment was entered on March 10, 2016; therefore Plaintiff has 30-days from that date to file a notice of appeal to the United States Court of Appeals for the Fourth Circuit.

To the extent Plaintiff is seeking other relief, the Court notes that Plaintiff has filed numerous § 1983 complaints in this district, and been allowed to proceed in forma pauperis on more than three occasions, and more than three of the complaints have been dismissed under 28 U.S.C. § 1915A(b).[2] See Vandyke v. Butner Regional Forensic Administrator, et al., No. 1:12-

---

[1] The information regarding Plaintiff's criminal history was obtained from the website maintained by the North Carolina Department of Public Safety.

[2] Section 1915A(b) provides that the court shall dismiss a prisoner complaint if it is frivolous, malicious or fails to state a claim for relief, or if it seeks monetary damages from a defendant that is immune from that relief.

cv-00149-RJC (W.D.N.C. July 18, 2012) (citing cases).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a prisoner's ability to file a § 1983 complaint providing, in pertinent part that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has failed to fairly allege that he is under imminent risk of physical harm; therefore his claim for monetary damages will be dismissed.

Based on the foregoing, the Court finds that Plaintiff's § 1983 complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED.** (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: April 7, 2016

Max O. Cogburn Jr.
United States District Judge